IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AURIELE VANBUREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-601-MHT-SMD |
| ) | |
| THE HEALTCARE AUTHORITY ) | |
| FOR BAPTIST HEALTH, an Affiliate ) | |
| of the UAB Health System, d/b/a ) | |
| Baptist Medical Center, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 22, 2018, Plaintiff filed a *pro se* Complaint accusing Defendant of employment discrimination under Title VII of the Civil Rights Act of 1964, § 706(d)(1), as codified, 42 U.S.C. § 2000e—5(e)(1). (Doc. 1). On July 18, 2018, Defendant responded to Plaintiff's Complaint by filing a Motion to Dismiss arguing that Plaintiff failed to state a cause of action for which relief could be granted. (Doc. 8). On August 1, 2018, Plaintiff filed a Motion to Amend Claim requesting permission to amend her Complaint in order to fix the deficiencies identified by Defendants. (Docs. 19, 20). On September 12, 2018, Plaintiff filed a Motion asking the Court for time to retain counsel. (Doc. 25). Plaintiff averred she was actively seeking representation but was, as of yet, unsuccessful. *Id.* Plaintiff indicated that she was "ready and willing" to proceed *pro se* if she were unable to ultimately secure representation. *Id.*

On September 27, 2018, the Court ordered Plaintiff to, on or before October 12, 2018, either: 1) retain an attorney to represent her in this matter and cause that attorney to file a notice of appearance into the record; or 2) file a written notice stating that she intends to proceed *pro se*. (Doc. 26). The Court received no response from Plaintiff. On January 7, 2019, the Court granted Plaintiff's Motion to Amend Complaint and directed her to file her amended complaint on or before January 10, 2019. (Doc. 28). The Court received no response from Plaintiff. On February 20, 2019, the undersigned ordered Plaintiff to file a written notice with the Court stating whether she intended to pursue her case against Defendant. (Doc. 29). To this date, the Court has received no response from Plaintiff.

"District courts possess the ability to dismiss a case with prejudice for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets." *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 863 (11th Cir. 2008) (citing *Betty K Agencies Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also Thomas v. Montgomery Cty. Bd. of Educ.*, 170 F. App'x 623, 625 (11th Cir. 2006). "Regardless of the authority for the dismissal, a district court should dismiss a case for want of prosecution with prejudice only when faced with 'a clear record of delay or contumacious conduct by the plaintiff.'" *Eades*, 298 F. App'x at 863-64 (quoting *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). A *sua sponte* dismissal operates as an adjudication on the merits unless otherwise specified. *See Bright v. Zeigler*, 644 F. App'x 889, 891 (11th Cir. 2016). A judge ordering dismissal is required to make findings that a plaintiff has engaged in a clear pattern of delay or willful contempt and that lesser sanctions would not suffice. *Id.*

Here, Plaintiff has failed on multiple occasions to comply with Court-ordered deadlines. Indeed, Plaintiff failed to respond to the Court's order (Doc. 26) regarding whether she intended to seek counsel or proceed *pro se*. Plaintiff also failed to respond to the Court's order (Doc. 28) to file her amended complaint on or before January 10, 2019. Plaintiff further failed to respond to the Court's order (Doc. 29) to inform the Court if she intends to continue pursuing her case against Defendant. In its third Order, the Court expressly warned Plaintiff that "her failure to file such written notice with the court will result in the undersigned entering a recommendation that Plaintiff's complaint be dismissed for failure to prosecute and failure to follow the court's orders." *See* (Doc. 29) (bold and underline removed).

Plaintiff's unresponsiveness to the Court's orders demonstrates to the undersigned a clear pattern of delay and/or contempt. *See Eades*, 298 F. App'x at 864 (finding that repeated failures to comply with court deadlines evidenced a clear pattern of delay). Further, Plaintiff has not attempted to notify the Court that she is unable to comply with the Court-ordered deadlines. *See Eades*, 298 F. App'x at 864 (finding that the plaintiff's failure to apprise the court she was going to miss the court-ordered deadlines unnecessarily delayed court proceedings); *see also Duong Thanh Ho v. Costello*, No. 18-12063, 2018 WL 6536010, at *1 (11th Cir. Dec. 12, 2018) (finding that the district court did not abuse its discretion in dismissing the case where the court's orders clearly instructed the plaintiff what to do and what was expected of him and the plaintiff failed to comply). Accordingly, the undersigned finds that Plaintiff has engaged in a pattern of delay because of her failure to prosecute her case and to abide by court orders.

Further, it is also clear to the undersigned that a lesser sanction than dismissal would not suffice in this case.  The purpose of a sanction is to deter repetition of certain conduct and to deter others from committing similar violations.  *See* Fed. R. Civ. P. 11(c)(4); *see also McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 852-53 (11th Cir. 2010).  The undersigned does not believe that a sanction—e.g. assessment of a fine—would compel Plaintiff to respond to the Court's orders.  As it is Plaintiff's cause to litigate and it is clear that she has abandoned that cause, the undersigned finds that dismissal of Plaintiff's case is the appropriate remedy.

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE.

Further, it is ORDERED that the parties are is DIRECTED to file any objections to the said Recommendation **on or before April 8, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusory, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee*

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

DONE this 25th day of March, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE